IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH CLAYTON SWEENEY, SR.,     )
          )
     Plaintiff,     )
          )
   -vs-     )     Civil Action No.  17-182
          )
          )
NANCY A. BERRYHILL,[1]     )
COMMISSIONER OF SOCIAL SECURITY,     )
          )
     Defendant.     )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed his applications alleging he has been disabled since October 1, 2011.  (ECF No. 4-7, p. 8).   Administrative Law Judge ("ALJ"), Gerald L. Meyer, held a hearing on June 24, 2016.  (ECF No. 4-2, pp. 35-49).  On July 18, 2016, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 4-2, pp. 21-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    SSR 16-3p**

Plaintiff argues that the ALJ erred in failing to apply SSR 16-3p.  (ECF No. 8, pp. 8-10). SSR 16-3p went into effect on March 28, 2016.  SSR 16-3p supersedes SSR 96-7p, the previous rule governing the evaluation of subjective symptoms.  *See,* SSR 16-3p, 2016 WL 1119029 (March 16, 2016).  SSR 16-3p removes the term "credibility," clarifying that the subjective symptom evaluation is not an examination of an individual's character but rather an ALJ is to "consider all of the evidence in an individual's record…to determine how symptoms limit ability to perform work-related activities."  *Id.* at *2.  In so doing, an ALJ is to use a two-step process.  *Id.* at *2-33.  Thus, after an ALJ finds "that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms", the ALJ shall then consider all of the evidence in the record when they evaluate the intensity and persistence of symptoms to determine how "symptoms limit [the] ability to perform work-related activities." *Id.*    In this regard, and to the extent relevant and available, the ALJ should consider objective medical evidence, individual statements, other medical sources, non-medical sources, the factors set forth in 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3) including daily activities, the

3

location, duration, frequency and intensity of pain or other symptoms, factors that precipitate and aggravate the symptoms, the type dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms, treatment, other than medication, an individual receives or has received for relief of pain or ther symptoms; any measures other than treatment used to relieve pain or other symptoms; and any other factors concerting an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *4-7.

The ALJ in this case cites to 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3)[2] and while he does not cite to SSR 16-3p,[3] a plain reading of the opinion demonstrates that the ALJ followed the mandates of the same. (ECF No. 4-2, pp. 21-29). After the ALJ set forth the two-part test, he applied it to the individual facts of this case using the factors set forth above. *Id.* at pp. 25-28. Contrary to Plaintiff's assertion, the ALJ considered, at length and in detail, Plaintiff's individual issues regarding his fatigue, his need to urinate, knee pain, dizziness and vision issues and made an assessment based on the entire record. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). I find the ALJ's determinations in this regard are supported by substantial evidence. Thus, I find no merit to this argument.

### C.    Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred in giving significant weight to the opinion of the non-examining state agency medical consultant, Dr. Kar, while rejecting the opinion of the examining consulting doctor, Dr. Rizvi. (ECF No. 8, pp. 10-13). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a

---

[2]SSR 16-3p generally tracks 20 C.F.R §404.1529(c) and §416.929(c), including the two-step process.

[3]I note that the ALJ does not cite to the superseded rule of 96-7p. *See,* ECF No. 4-2, pp. 21-29.

treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff suggests that the ALJ erred in assigning significant weight to the state agency opinion of Dr. Kar because Dr. Kar did not personally examine Plaintiff and because he did not review the entirety of Plaintiff's medical records. (ECF No. 8, pp. 10-12). Neither of the reasons is compelling. A treating doctor's opinion is not automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Additionally, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Consequently, I find these suggestions are without merit.

In support of his argument that the ALJ improperly gave significant weight to the opinion of Dr. Kar that Plaintiff could perform medium work, Plaintiff suggests that there is evidence to support his position, namely his testimony that he can only lift up to 40 pounds occasionally. (ECF No. 8, p. 12).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The

question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

Nonetheless, I have considered the ALJ's weighing of Dr. Kar's opinion evidence in this case. (ECF No. 4-2, pp. 27-28). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence of Dr. Kar. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). For example, the ALJ found his opinion to be consistent with other medical evidence. (ECF No. 4-2, p. 28). Additionally, he found Dr. Kar's opinion to be "consistent with the subsequent evidence…." *Id.* After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 4-2, p. 21-29). Therefore, remand is not warranted on this issue.

With regard to the consulting physician, Dr. Rizvi, Plaintiff argues that the ALJ erred in rejecting his opinion because Dr. Razvi actually examined Plaintiff. (ECF No. 8, p. 13). Again, an examining doctor's opinion is not automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Additionally, Plaintiff suggests that it was improper of the ALJ to reject Dr. Rizvi's opinion premised on the rationale that it was "'based solely or primarily on the claimant's allegations…'" (ECF No. 8, p. 13). This is an inaccurate statement. In fact, the ALJ did not give little weight to Dr. Rizvi's opinion simply because it appeared to be based primarily on Plaintiff's allegations, but also gave it little weight because it was internally inconsistent, as the ALJ stated: "it is inconsistent with the examination, including normal strength, gait, and range of motion throughout." (ECF No. 4-2, p. 27). This is a proper method

of evaluating opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find that the basis for the ALJ's opinion is supported by substantial evidence. (ECF No. 4-2, pp, 27-28). Consequently, I find am not persuaded by Plaintiff's argument in this regard.[4]

### D.     Plaintiff's Testimony

Finally, Plaintiff argues that the ALJ erred in failing to take into account his testimony regarding the frequency of his need to urinate. (ECF No. 8, p. 14). After a review of the evidence, I find the ALJ fully considered Plaintiff's urination needs. For example, the ALJ noted Plaintiff's testimony that his frequent need to urinate kept him up through the night. (ECF No. 4-2, p. 25). He also noted, however, that this was inconsistent with Plaintiff's doctor's conclusion that his renal function was stable and that Plaintiff did not consistently report significant urinary symptoms to his providers and/or denied it outright. *Id.* at pp. 25-26. I find that this determination is supported by substantial evidence. Consequently, I find no merit to this argument.

An appropriate order shall follow.

---

[4] In support of this argument, Plaintiff again suggests that there is evidence to support Dr. Razvi's opinion. As I have set forth above, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLAYTON SWEENEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 17-182 |
| ) | |
| ) | |
| NANCY A. BERRYHILL,[5] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of December, 2018, it is ordered that Plaintiff's Motion for
Summary Judgment (ECF No. 7) is denied and Defendant's Motion for Summary Judgment
(ECF No. 9) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing
Carolyn W. Colvin.